UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICKY A. MOORE, JR., 04-B-0870,

    Petitioner,

        -v-                                 08-CV-0474(MAT)
                                                **ORDER**

WILLIAM LAPE,

    Respondent.

---

## I.   Introduction

*Pro se* petitioner Ricky A. Moore, Jr. ("petitioner"), has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court of Criminal Possession of a Weapon in the Second Degree (former N.Y. Penal L. § 265.03(2)), following a guilty plea before Judge Richard A. Keenan. Petitioner is currently serving a determinate sentence of imprisonment of fifteen years.

## II.  Factual Background and Procedural History

Petitioner was convicted of one count of second-degree weapon possession for having possessed a loaded .357 caliber revolver while he was a passenger in a taxi cab in the City of Rochester. His guilty plea satisfied multiple counts of criminal weapon possession, felony drug charges, and two misdemeanors.[1] See Hr'g Mins. dated 2/13/2004 at 13-14; Plea Mins.("P.M") 2-5. The United States Attorney's Office agreed that petitioner would not be

---

[1] If convicted at trial, petitioner faced a maximum sentence of approximately forty years imprisonment. See Hr'g Mins. dated 2/13/2004 at 14.

prosecuted federally for the same conduct in exchange for his guilty plea. P.M. 2-5; Sentencing Mins. ("S.M.") 4-5.

Plea proceedings were held on February 18, 2004, before Judge Richard Keenan, in which petitioner acknowledged that he understood the nature of the charges, was not under the influence of medicine or any other substance, that he was alert and awake, that he was not threatened or pressured to plead guilty, and was doing so of his own free will. The county court explained to petitioner that he waived certain constitutional rights, including the right to a trial. P.M. 5-10. Petitioner then admitted to the facts of the crime of Criminal Possession of a Weapon in the Second Degree, and the court accepted his guilty plea.[2] P.M. 11-14

A few days prior to sentencing, petitioner submitted a *pro se* letter to the trial court requesting that his plea be withdrawn on the basis of ineffective assistance of counsel. See Respondent's Appendix ("Appx.") I. During the sentencing proceeding, the court acknowledged receipt of the letter and inquired of petitioner whether he had anything to add to his request. Petitioner declined, and the court denied petitioner's motion. S.M. 3-4. Petitioner was then sentenced in accordance with the plea agreement to a fifteen-year determinate term of imprisonment with five years of post-release supervision. S.M. 7.

---

[2] Prior to its revision in 2005, N.Y. Penal L. § 265.03(2) read, "A person is guilty of criminal possession of a weapon in the second degree when, with intent to use the same unlawfully against another . . . [h]e possesses a loaded firearm."

2

Through counsel, petitioner filed a direct appeal in the Appellate Division, Fourth Department, raising three points: (1) petitioner's plea must be vacated because petitioner implicitly negated an essential element of the crime during the plea colloquy; (2) the sentencing court erred in failing to inquire into petitioner's complaints about defense counsel; and (3) the sentence was unduly harsh and severe. Appx. B. The Appellate Division unanimously affirmed the judgment of conviction. People v. Moore, 39 A.D.3d 1199 (4th Dept.), lv. denied, 9 N.Y.3d 867 (2007); Appx. D, G.

Petitioner then filed the instant petition for habeas corpus alleging the same claims he did on direct appeal. Petition ("Pet.") ¶ 12(A)-(C). For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence

presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264

n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

**B. Merits of the Petition**

**1. Invalid Guilty Plea**

As he did on direct appeal, petitioner contends that his plea was not knowingly and voluntarily entered. Specifically, he alleges that the trial court erred in failing to make a sufficient inquiry during the plea colloquy to ensure that petitioner understood the law in relation to the facts, based on petitioner's failure to admit that he intended to use the weapon unlawfully against another person.[3] Pet. ¶ 12(A). The Appellate Division held, "[d]efendant failed to move to withdraw his plea on that ground and thus failed to preserve his challenge for our review. This case does not fall within the narrow exception to the preservation requirement." Moore, 39 A.D.3d at 1199 (citing People v. Lopez, 71 N.Y.2d 662, 666 (1988)).[4]

---

[3] During the plea colloquy, the county court elicited from petitioner that he possessed a loaded, operational firearm in a taxi cab in the City of Rochester. As to the element of intent, the prosecutor relied on a statutory presumption concerning "intent to use unlawfully." See N.Y. Penal. L. § 265.15(4). Defense counsel did not oppose to the use of that presumption, and petitioner did not challenge his attorney's statement. P.M. 12-14.

[4] An exception to the preservation requirement was articulated in People v. Lopez, 71 N.Y.2d 662 (1988), which held that "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered. Where the court fails in this duty and accepts the plea without

5

Habeas courts in this Circuit have held that the failure to move to withdraw a guilty plea before sentencing constitutes an adequate and independent state ground barring habeas review. See Garcia v. Boucaud, No. 09 Civ. 5758 (RJH)(GWG), 2001 WL 1875636, *6-*7 (S.D.N.Y. May 11, 2010) (finding that petitioner's failure to move to withdraw his plea constituted an adequate and independent state ground under the "guideposts" set forth in Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003)); Larweth v. Conway, 493 F.Supp.2d 662, 668-669 (W.D.N.Y. 2007) (same); Fuller v. Schultz, 572 F.Supp.2d 425, 438 (S.D.N.Y. 2008) ("Fuller is barred from challenging the voluntariness of his guilty plea on habeas review, provided that the state rule on which the Appellate Division relied was 'firmly established and regularly followed.' That a defendant's challenge to his guilty plea is unpreserved unless he first moves to withdraw his plea or vacate the judgment is such a rule.") (quoting Cotto, 331 F.3d at 239-41; other citations omitted).

Accordingly, petitioner's claim is precluded from habeas review unless the petitioner "can show 'cause' for the procedural default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804,

---

further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made." Id. at 666 (citations omitted).

809 (2d Cir. 2000). Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural bar, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice (i.e., that he is actually innocent). This claim is therefore dismissed.

### 2. Insufficient Inquiry

Petitioner next contends that the sentencing court failed to inquire into petitioner's complaints about his attorney, thereby depriving petitioner of due process. ¶ 12(B). The Appellate Division rejected petitioner's claim on the merits:

> Defendant further contends that County Court failed to conduct a sufficient inquiry into the basis for his complaints against defense counsel. Defendant did not request new counsel, but instead sought to withdraw his plea on the ground that defense counsel was ineffective and had coerced him into accepting the plea. We conclude that the court conducted a sufficient inquiry before denying petitioner's request to withdraw the plea.

Moore, 39 A.D.3d at 1199-1200.

The Second Circuit has held that the proper analytical approach to such a due process claim is to determine if "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" has been offended. Hines v. Miller, 318 F.3d 157, 161-62 (2d Cir.), cert. denied, 538 U.S. 1040 (2003) (quoting Medina v. California, 505 U.S. 437, 445 (1992)). The Hines court concluded that because both federal and New York precedent have established that a defendant is not, as a

matter of right, entitled to an evidentiary hearing on a motion to withdraw a guilty plea, id. at 162, the failure to hold one does not offend a deeply rooted or fundamental principal of justice. Id.

In this case, petitioner filed a *pro se* letter seeking to withdraw his guilty plea, claiming that his attorney coerced him into pleading guilty, that he was being "railroaded", and that he should receive a reduced sentence as a remedy. See Appx. I. Although given the opportunity to do so, petitioner elected not to elaborate on his claim of ineffective assistance of counsel, and thus provided no factual support for his allegations to the county court. S.M. 3. The court denied the request, explaining to petitioner:

> You entered a voluntary and very favorable plea. I know the sentence promise is serious, certainly from your perspective, but you essentially faced sentences which could have placed you in prison for the rest of your life. [Defense counsel] was not only able to resolve, as he indicated, nine serious felony charges in the State courts, but also a Federal prosecution which also exposed you to a severe sentence. As I have indicated, under oath you entered an admission and a sufficient colloquy to support the charge; you have been given an adjournment to consider the People's position, talk about it with your family and [counsel] and certainly it appears to the Court that [counsel] has fulfilled his obligation to give you appropriate advice regarding his evaluation of the strength of the various cases the People had against you and the record certainly supports that you understood your rights and consequences of the plea at the time it was entered . . . .

S.M. 4-5.

Indeed, petitioner's claim is belied by his statements in the plea proceeding, wherein he advised the court that he had not been pressured or threatened to plead guilty, and that he was pleading guilty of his own free will. P.M. 6-7. Given the conclusory nature of petitioner's allegations, there is no basis for petitioner's claim that the court was required to conduct a further inquiry regarding his motion to withdraw his guilty plea. Accordingly, the Appellate Division's determination that the county court conducted a sufficient inquiry was not contrary to, or an unreasonable application of Supreme Court precedent, and habeas relief is denied on this ground.

### 3. Sentence Unduly Harsh and Severe

Petitioner concludes his petition by arguing that the fifteen-year determinate sentence is unduly harsh and severe for a first-time felony offender. Pet. ¶ 12(C). The respondent has correctly pointed out that the imposition of a sentence within the permissible range prescribed by law does not "present a constitutional question necessary for habeas corpus reversal." Underwood v. Kelly, 692 F.Supp. 146, 152 (E.D.N.Y. 1988) (citations omitted), aff'd, 875 F.2d 857 (2d Cir.), cert denied, 493 U.S. 837 (1989); see also Townsend v. Burke, 334 U.S. 736, 741 (1948).

Here, petitioner was sentenced to the maximum allowable sentence for a class C violent felony. See N.Y. Penal L. § 70.02. The sentence was imposed, as agreed upon, in satisfaction of

multiple outstanding felony drug charges and precluded petitioner's prosecution in federal court. Because petitioner's sentence was within the statutory range, he has not set forth a basis for habeas relief, and this claim is dismissed.

**IV. Conclusion**

For the reasons stated above, Ricky A. Moore, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: September 8, 2010
Rochester, New York